UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY BETH BERTIG<br>918 Golf Park Drive<br>Lake Ariel, PA 18436<br><br>      Plaintiff,<br><br>v.<br><br>JULIA RIBAUDO HEALTHCARE GROUP, LLC d/b/a JULIA RIBAUDO EXTENTED CARE CENTER and BRIGHTEN AT JULIA RIBAUDO<br>1404 Golf Park Drive<br>Lake Ariel, PA 18436<br>      and<br>JULIA RIBAUDO SENIOR SERVICES, LLC d/b/a JULIA RIBAUDO EXTENTED CARE CENTER and BRIGHTEN AT JULIA RIBAUDO<br>1404 Golf Park Drive<br>Lake Ariel, PA 18436<br>      and<br>SABER HEALTHCARE GROUP, LLC<br>26691 Richmond Rd.<br>Bedford Heights, OH 44146<br><br>      Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Mary Beth Bertig (*hereinafter* referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Julia Ribaudo Healthcare Group, LLC, Julia Ribaudo Senior Services, LLC, and Saber Health Group, LLC (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) and avers as follows:

## I. INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Pennsylvania Human Relations Acts ("PHRA).[1] As a result of Defendants' unlawful actions, Plaintiff has suffered the damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

---

[1] Plaintiff has dual filed her ADEA and ADA claims with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff will move to amend the instant Complaint to include such claims once her administrative remedies have been fully exhausted with the PHRC. Plaintiff's PHRA claims will mirror her ADEA and ADA claims asserted herein.

2

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult male with an address as set forth in the above caption.

7. Upon information and belief, Defendants Julia Ribaudo Healthcare Group, LLC (*hereinafter* "Defendant JRHC") and Julia Ribaudo Senior Services, LLC (*hereinafter* "Defendant JRSS") operate a nursing home facility doing business as Julia Ribaudo Extended Care Center and Brighten at Julia Ribaudo located at 1404 Golf Park Dr., Lake Ariel, Pennsylvania.

8. Defendant Saber Healthcare Group, LLC (*hereinafter* "Defendant Saber") is headquartered at the above-captioned address and is in the business of providing skilled nursing and rehabilitation services throughout Pennsylvania. Upon information and belief, Defendant Saber owns and operates Defendant JRHC and JRSS.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

11. Defendants are "employers" within the meaning of the FMLA because at all times relevant herein, Defendants have employed at least fifty (50) or more full-time employees within

3

the present or preceding calendar year and engages in a business that affects interstate commerce.

### IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 56-year-old female.

14. Plaintiff worked for Defendants for approximately thirty-two (32) years until Defendants eventually terminated her employment in or about April of 2014 (discussed further *infra*).

15. Plaintiff was employed with Defendants performing various work, as requested, but primarily as a restorative aide or nurses' aid.

16. Plaintiff was supervised by numerous individuals throughout her employment with Defendants; however, during the last approximate year of her employment, she began being supervised by one, Shelia M. Layo (Administrator).

17. During Plaintiff's employment with Defendants, she suffered from various disabilities, including but not limited to cancer and asthma.

18. Plaintiff's aforesaid health conditions, at times, limited her ability to work, breathe, and perform manual tasks.

19. Despite Plaintiff's aforementioned disabilities and limitations, she was still able to perform the duties of her job well with Defendants; however, at times, and particularly towards the end of her employment with Defendant, Plaintiff needed reasonable accommodations (including but not limited to light duty work and time off from work to care for and treat for her health conditions – discussed further *infra*).

20. From in or about 2012 through her termination in April of 2014, Plaintiff required block and intermittent leave to care for and treat for her aforementioned health conditions, as Plaintiff underwent three (3) different surgeries during this time period (in May of 2012, September of 2013, and October of 2013).

21. After returning from her brief medical leave in September of 2013, Plaintiff requested the ability to perform light duty work after having underwent a surgery to her bladder (related to her cancer).

22. In or about October 2013, Plaintiff underwent another surgery related to her disabilities and missed a very brief period of time from work.

23. Between November 2013 and April of 2014, Plaintiff required intermittent medical leave, which was infrequent and continually identified to Defendants' management as being related to her disabilities.

24. Despite apprising Defendants' management of her aforesaid disabilities and need for intermittent medical leave to care for and treat for her disabilities during the last two (2) years of her employment, Defendants' management never properly administered, designated, or noticed Plaintiff's time off as FMLA leave.

25. Furthermore, towards the end of her employment (particularly in or about the last year of her employment with Defendants), Plaintiff was subjected to hostility and animosity because of her aforesaid health conditions and advanced age.

26. For example, unlike Plaintiff's younger and non-disabled co-workers, Defendants' management, including but not limited to Ms. Layo, treated Plaintiff in a rude and condescending manner, issued her pretextual discipline, and selectively enforced policies against her.

27.     By way of further example, Plaintiff was a dedicated and hard-working employee who did not exhibit disciplinary concerns; however, shortly after returning from her October 2013 brief leave of absence (discussed *supra*), Plaintiff was issued pretextual discipline.

28.     In or about April of 2014, Plaintiff was terminated by Defendants abruptly and without warning for alleged absenteeism issues, asserting that if Plaintiff had requested a leave she would have been "fine."

29.     The individual primarily responsible for such actions and who terminated Plaintiff was Ms. Layo.

30.     Plaintiff believes and therefore avers that he was issued discipline, subjected to a hostile work environment and terminated because of her actual and/or perceived disabilities and/or in retaliation for requesting reasonable medical accommodations.

## Count I
## Violations of the Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)
-Against All Defendants-

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

33.     Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

34.     Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

35. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

36. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

37. Plaintiff requested and utilized FMLA-qualifying leave on a block and intermittent basis for her own serious health conditions.

38. Defendants' management exhibited hostility towards Plaintiff's needs for FMLA-qualifying leave.

39. Defendants committed interference and retaliation violations under the FMLA by: (1) issuing Plaintiff discipline and terminating Plaintiff for requesting and/or taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue her discipline and terminate her; (3) by failing to inform Plaintiff of her individualized FMLA rights; (4) by failing to designate or notice Plaintiff's absences as FMLA-protected leave; (5) by subjecting her to harassment and unwarranted discipline in an attempt to dissuade her from taking FMLA leave; and (6) by counting FMLA-qualifying absences against her in making the decision to terminate her.

40. These actions as aforesaid constitute interference and retaliation violations of the FMLA.

**Count II**
**Violations of the Americans with Disabilities Act ("ADA," as amended)**
**(Disability Discrimination, Retaliation, Failure to Accommodate, & Hostile Work Environment)**
**-Against All Defendants-**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff has and continues to suffer from qualifying disabilities under the ADA, which, on occasion, limit her daily life activities, such as working, breathing, and performing manual tasks (among other life activities).[2]

43. During Plaintiff's employment with Defendants, Plaintiff requested reasonable accommodations from Defendants' management (including but not limited to time off from work and light duty).

44. Towards the end of her employment with Defendants, Plaintiff requested and took intermittent and block medical leave related to her aforementioned health conditions/disabilities.

45. During the time that Plaintiff was taking intermittent and block medical leave for her aforesaid health conditions (as discussed *supra*), she was also being subjected to a hostile work environment because of her actual/perceived disabilities and/or requests for accommodations by Defendants' management, including but not limited to Ms. Layo, through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

46. Plaintiff was terminated in or about April of 2014, after being subjected to harassment an unwarranted discipline because of her actual/perceived disabilities and/or in retaliation for requesting reasonable accommodations.

47. Plaintiff was informed by Defendants' management that she was being terminated for absenteeism issues, even though the majority (if not all) of her absences were related to her health conditions (discussed *supra*).

48. Plaintiff seeks relief herein for her pretexual discipline and termination because such actions by Defendants were motivated by Plaintiff's: (1) known or perceived health

---

[2] The life activities specified herein are for example only and are not intended to be an exclusive list of life activities impacted by Plaintiff's health conditions.

problems; (2) record of health conditions; and/or (3) due to Plaintiff's requests for reasonable accommodations.

49.  Plaintiff also asserts that Defendants failed to accommodate her disabilities by counting absences, that were related to her disability, against her in making the decision to terminated her employment.

50.  These actions as aforesaid constitute violations of the ADAAA.

### Count III
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination – Wrongful Termination & Hostile Work Environment)
-Against Both Defendants-

51.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.  Plaintiff is a 55-year-old female.

53.  During Plaintiff's employment with Defendants, Plaintiff was subjected to harassment and discriminatory treatment based on her age.

54.  For example, unlike Plaintiff's younger co-workers, Defendants' management treated Plaintiff in a rude and condescending manner, selectively enforced policies against her, and closely scrutinized her work.

55.  Plaintiff believes and avers herein that her age was a determinative factor in her termination from Defendants.

56.  These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Dated: November 19, 2015