**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARY BETH BERTIG,** | : | **No. 3:15cv2224** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JULIA RIBAUDO HEALTHCARE** | : | |
| **GROUP, LLC d/b/a JULIA RIBAUDO** | : | |
| **EXTENTED CARE CENTER and** | : | |
| **BRIGHTEN AT JULIA RIBAUDO;** | : | |
| **JULIA RIBAUDO SENIOR** | : | |
| **SERVICES, LLC d/b/a JULIA** | : | |
| **RIBAUDO EXTENTED CARE** | : | |
| **CENTER and BRIGHTEN AT JULIA** | : | |
| **RIBAUDO; and SABER** | : | |
| **HEALTHCARE GROUP, LLC,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

In April 2014, defendants terminated Plaintiff Mary Beth Bertig from her employment as a nurses' aide.  Plaintiff allegedly suffers from various health conditions, including cancer and asthma.  She took intermittent medical leave to care for her conditions throughout the two-year period prior to her termination.  Plaintiff sued alleging violations of the Family and Medical Leave Act, Americans with Disabilities Act, and Age Discrimination in Employment Act.  Presently, defendants move the court to dismiss these claims.  (Doc. 7).  For the reasons elaborated below, the court will grant in part and deny in part the defendants' motion.

**Background**

The instant action arises from Plaintiff Mary Beth Bertig's employment with defendants Julia Ribaudo Healthcare Group, LLC; Julia Ribaudo Senior Services, LLC; and Saber Health Group, LLC (collectively "defendants").  Plaintiff worked for defendants for thirty-two years as a restorative/nurses' aide.  Defendants terminated her from her position as a restorative/nurses' aide in

April 2014.  (Doc. 1, Complaint (hereinafter "Compl.") ¶ 15).  At the time, plaintiff was fifty-six years of age.  (Id. ¶ 13).

Plaintiff suffered from various disabilities, including cancer and asthma, which limited her ability to work, breathe, and perform manual labor.  (Id. ¶¶ 17-18).  Plaintiff, however, performed her job duties satisfactorily, despite her disabilities, for thirty-two years.  (Id. ¶¶ 14, 19).

From 2012 through April 2014, plaintiff contends her health conditions made leave, and light duty work necessary to perform her duties.  (Id. ¶¶ 20-21).  To obtain leave, plaintiff notified defendants of her disabilities and need for medical leave.  (Id. ¶¶ 23-24).  Defendants, however, failed to administer her absences as Family and Medical Leave Act-qualifying leave.  (Id. ¶ 24).  In April 2014, defendants terminated plaintiff because of her requested accommodations, disabilities, and age according to the complaint.  (Id. ¶¶ 24, 30).

Plaintiff filed a three-count complaint on November 19, 2015: Count I, interference and retaliation under the Family and Medical Leave Act (hereinafter "FMLA"); Count II, disability discrimination and failure to accommodate pursuant to the Americans with Disabilities Act (hereinafter "ADA"); Count III, age discrimination in contravention of the Age Discrimination in Employment Act (hereinafter "ADEA").[1]  (Id.)  Defendants filed a motion to dismiss under Rule

---

[1] Plaintiff dually filed her ADEA and ADA claims with the Pennsylvania Human Relations Commission and intends to move to amend her complaint to add her Pennsylvania Human Relations Act claims when she exhausts all available administrative remedies there.

12(b)(6)[2] on February 22, 2016.  (Doc. 8).  The parties have briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the FMLA, 29 U.S.C. §§ 2601 *et seq*.; ADA, 42 U.S.C. § 12112, *et seq*.; and ADEA, 29 U.S.C. § 621, *et seq*., we have federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a

---

[2] FED. R. CIV. P. 12(b)(6).

complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

## Discussion

Defendants seek to dismiss plaintiff's complaint in its entirety, arguing that its allegations fail to state valid claims under the FMLA, ADA, and ADEA. Plaintiff argues that she properly pled her claims.  After careful consideration, the court will grant in part and deny in part defendants' motion.

## I. FMLA Claims of Interference and Retaliation

Plaintiff brings both interference and retaliation claims pursuant to the FMLA.  The FMLA contains two distinct provisions prohibiting employers from: (1) interfering with an employee's exercise of her right to take reasonable leave for medical reasons, and (2) discriminating or retaliating against an employee who exercises this right.  29 U.S.C. § 2615(a); see also Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012); Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005).  The court will discuss the issues of interference and retaliation *seriatim*.

### A. Interference

To state an FMLA interference claim, plaintiff must establish: (1) she was an eligible employee under the FMLA; (2) defendants were employers subject

to the FMLA's requirements; (3) she was entitled to FMLA leave; (4) she provided notice to defendants of her intention to take FMLA leave; and (5) she was denied benefits to which she was entitled.  Ross v. Gilhuly, 755 F.3d 185, 191-92 (3d Cir. 2014) (citations omitted).

In the instant matter, defendants only contest the third and fourth elements, whether plaintiff: (1) qualified for FMLA leave, and (2) provided sufficient notice of her intention to take FMLA leave.  The court will address these issues in turn.

First, an eligible employee is entitled to FMLA leave if she has a "serious health condition . . . involv[ing] . . . continuing treatment by a health care provider."  29 U.S.C. § 2611(11).  This includes "any period of incapacity or treatment for such incapacity due to a chronic serious health condition." 29 C.F.R. § 825.115(c).  A chronic serious health condition: "(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, (2) Continues over an extended period of time, and (3) May cause episodic rather than a continual period of incapacity."  Id.  A serious health condition also includes "treatment for a serious, chronic health condition which, if left untreated, would likely result in an absence from work of more than three days."  29 C.F.R. § 825.113.

Defendants argue plaintiff failed to state a "serious health condition" under the FMLA because she failed to plead incapacitation for more than three days and ongoing medical treatment.  Plaintiff counters that the FMLA entitles her to leave because her health conditions, including cancer and asthma, qualify as serious health conditions under the FMLA.  (Compl. ¶¶ 20-24).  We agree with the plaintiff.

5

The Department of Labor's regulations, as well as the Act's legislative history, expressly include "most cancers" and "severe respiratory conditions" among its examples of qualifying serious health conditions under the FMLA. S. REP. NO. 103-3, at *29 (1993); See 29 C.F.R. § 825.114, 115(e)-(f).  Courts have also found that asthma qualifies as a serious health condition under the FMLA.  See Gunter v. Cambridge-Lee Indus., LLC, – F. Supp. 3d – , No. 14-2925, 2016 WL 2735683, at *6-8 (E.D. Pa. May 16, 2016) (finding that plaintiff's asthma was a "chronic health condition").  Thus, plaintiff's complaint states a "serious health condition" under the FMLA.[3]

We next address whether plaintiff sufficiently pled that she provided notice of her intention to take FMLA leave.  An employee gives sufficient notice when she "state[s] a qualifying reason for the needed leave." Hansler, 798 F.3d at 153.  The employee need not "expressly assert rights under the Act or even mention the FMLA." Id.  Defendants argue that plaintiff's complaint fails to specify the type and sufficiency of notice given to defendants prior to taking leave.  (Doc. 8).  Plaintiff's complaint, however, indicates that she continually notified defendants of her health conditions and need for related, intermittent medical leave.  (Doc. 9; Compl. ¶¶ 23-24).  At this juncture in the litigation, the court finds that plaintiff has pled that she provided defendants with adequate notice of her intention to take FMLA leave.  Accordingly, the court will deny defendants' motion with respect to plaintiff's FMLA interference claim.

---

[3] Defendants argue that plaintiff must plead incapacitation for three days to establish a "serious health condition" under the FMLA.  However, defendants misunderstand the applicable law, which does not require that the plaintiff plead actual incapacitation.  Plaintiff need only allege that she received treatment for a condition which would have resulted in more than three days' incapacitation, **if left untreated**. 29 C.F.R. § 825.115(e)(2).

### B. Retaliation

To state an FMLA retaliation claim, the plaintiff must assert that: (1) she engaged in a protected activity under the FMLA, (2) plaintiff experienced an adverse employment action following the protected activity, and (3) a causal link exists between the protected activity and the adverse employment action. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

Specifically, defendant's motion to dismiss only attacks the third element: the existence of a causal link between the protected activity and the adverse employment action. Here, the protected activity is plaintiff's FMLA leave, and the adverse employment action is her termination from employment. To properly plead causation, a plaintiff's assertions must "create an inference that a causative link exists between her FMLA leave and her termination." Lichtenstein, 691 F.3d at 307. "Temporal proximity" between the protected activity and adverse action suffices to create an inference if such temporal proximity is "unduly suggestive." Id. Where temporal proximity is not "unusually suggestive, the court looks at whether the claims, as a whole, may raise the inference." See id. (citing LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n., 503 F.3d 217, 232 (3d Cir. 2007)).

Here, plaintiff has satisfied the pleading requirement for causation. Plaintiff avers she needed intermittent medical leave between 2012 and April 2014, when defendant terminated her. (Compl. ¶¶ 23, 28). The short period between plaintiff's leave and termination creates an inference of "unduly suggestive" temporal proximity between her medical leave and subsequent termination. Moreover, plaintiff alleges that defendants expressly terminated her because of her absences from work. (Id. ¶ 28). Plaintiff further alleges that

she "did not exhibit disciplinary concerns" but nonetheless received pretextual discipline after returning from a leave of absence in October 2013.  (Id. ¶ 27). As such, we find that plaintiff's complaint properly pleads a causal link between the protected activity and the adverse employment action.  Thus, defendants' motion to dismiss plaintiff's FMLA retaliation claim fails.

## II. ADA Claims of Disability Discrimination, Retaliation, and Failure to Accommodate

We next address plaintiff's Count II claims for disability discrimination, retaliation, and failure to accommodate under the ADA.  Defendant moves to dismiss all these claims.  We will address them in turn.

### A. Disability Discrimination

To state a claim for disability discrimination under the ADA, plaintiff must establish that: (1) she has a disability under the ADA; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she suffered an adverse employment action as a result of discrimination.  Gaul v. Lucent Techs., 134 F.3d 576, 580 (3d Cir. 1998).  At issue are whether plaintiff sufficiently pled a qualifying disability under the ADA and an adverse employment action.  The court will discuss each element in turn.

### 1. Qualifying Disability

To qualify as disabled under the ADA, plaintiffs must establish that (1) they have a physical or mental impairment that substantially limits one or more of their major life activities, (2) there is a record of such impairment, or (3) they are regarded as having such an impairment. 42 U.S.C. § 12102(1).  The federal regulations provide that major life activities include: "[c]aring for oneself,

8

performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, [and] breathing…." 42 U.S.C.A. § 12102(2)(A). The Third Circuit has generally explained that, "'major life activities' are those basic activities that the average person in the general population can perform with little or no difficulty." Marinelli v. City of Erie, 216 F.3d 354, 361 (3d Cir. 2000) (quoting 29 C.F.R. App. § 1630.2(i)(1999)).

In the instant matter, plaintiff claims her disabilities, cancer and asthma, constitute qualifying disabilities under the ADA. (Compl. ¶ 17). These disabilities allegedly limit her ability to work, breathe, and perform manual labor. (Id. ¶ 18). Despite these limitations, plaintiff nonetheless performed the duties of her job "well" for approximately thirty-two (32) years under defendants' employ. (Id. ¶¶ 19, 14).

We find that plaintiff has properly pled the qualifying disabilities of cancer and asthma. Congress clearly intended the ADA to protect cancer patients from disability discrimination. See H. Rep. No. 101-485(III), at 29 (1990) (House of Representatives' legislative history describing 1990 ADA amendments). "Cancer is a 'paradigmatic example of such an impairment.'" Unangst v. Dual Temp. Co., Inc., No. 10-6811, 2012 WL 931130, at *4 (E.D. Pa. Mar. 19, 2012) (quoting Adams v. Rice, 531 F.3d 936, 952 (D.C. Cir. 2008)); see also Jones v. UPS, 214 F.3d 402, 406-07 (3d Cir. 2000) (suggesting that plaintiff's undiagnosed cancer could have been regarded as a disability, though plaintiff pled a different cause). Regarding plaintiff's asthma, her condition limits her ability to breathe, a recognized major life activity. See 29 C.F.R. § 1630.2(i)(1)(i). Based on the foregoing reasons, the court finds that plaintiff pled sufficient facts to establish a qualifying disability under the ADA.

### 2. Adverse Employment Action/Causation

Next, plaintiff must allege an adverse employment action.  Plaintiff asserts defendants terminated her in April 2014, after she took intermittent medical leave from 2012 to April 2014.  (Compl. ¶¶ 20, 28).  Plaintiff also claims defendants treated her with hostility and animosity during her final year of employment, shortly prior to her termination.  (Id. ¶ 25).  Plaintiff cites pretextual discipline and selective enforcement of policies, actions not taken toward her nondisabled coworkers, as examples of such hostility in the workplace.  (Id. ¶ 26).  Because defendants' arguments on this issue mirror their arguments under the FMLA, the analysis above is equally applicable here.  Ergo, we will find that plaintiff properly pled an adverse employment action, and thus a disability discrimination claim under the ADA.

### B. Retaliation

The court next addresses plaintiff's ADA retaliation claim.  To state an ADA retaliation claim, plaintiff must establish that: (1) she engaged in a protected activity, (2) she experienced an adverse employment action following the protected activity, and (3) there is a causal link between the protected activity and the adverse employment action.  Krouse, 126 F.3d at 500.  The critical issue in dispute is whether her requested accommodations, specifically her medical leave, are subject to protection under the ADA.

The Third Circuit Court of Appeals has held that medical leave may constitute an appropriate accommodation under the ADA.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 151 (3d Cir. 2004); see also Buskirk v. Apollo Metals, 307 F.3d 160, 169-71 (3d Cir. 2002) (finding that an employer's

provision of medical leave was a reasonable accommodation for an injured employee).  Courts disapprove of medical leave as an appropriate accommodation only in situations where the leave is for an indefinite term.  See Fogleman v. Greater Hazelton Health All., 122 F. App'x 581, 585-86 (3d Cir. 2004).

Defendants dispute whether plaintiff's medical leave is an appropriate accommodation pursuant to the ADA.  Plaintiff states that she requested "block and intermittent" leave from 2012 to April 2014.  (Compl. ¶ 20).  The court finds that the nature of plaintiff's leave, as alleged in the amended complaint, is not "indefinite."  See Fogleman, 122 F. App'x at 585.  As such, plaintiff's pleadings adequately state her claims for retaliation under the ADA.

### C. Failure to Accommodate

Plaintiff also asserts a claim for failure to accommodate.  To properly state a claim for failure to accommodate, plaintiff must allege that: (1) defendants knew about plaintiff's disability, (2) plaintiff requested accommodations or assistance for her disability, (3) defendants did not make a good faith effort to assist plaintiff in seeking accommodations, and (4) plaintiff could have been reasonably accommodated but for defendants' lack of good faith.  Conneen v. MBNA  Am. Bank, N.A., 334 F.3d 318, 330-31 (3d Cir. 2003).

Defendants contend that plaintiff's request for medical leave constitutes an inappropriate accommodation under the ADA in light of the defendants' line of business.  Additionally, defendants argue that plaintiff fails to assert that defendants did not accommodate her.  (Doc. 8).  Plaintiff alleges she requested and took medical leave from 2012 to April 2014 to care for her various

11

disabilities, including undergoing surgery.  (Compl. ¶¶ 20-23).  She argues that medical leave constitutes a reasonable accommodation, and defendants' decision to terminate her after taking medical leave presents a failure to accommodate her.  (Doc. 9).

For the reasons delineated above regarding plaintiff's retaliation claim, the court rejects defendants' argument that medical leave does not qualify as an appropriate accommodation under the ADA.  Additionally, defendants may be liable for terminating a plaintiff for using, or attempting to use, an appropriate accommodation.  See McFadden v. Biomed. Sys. Corp., No. 13-4487, 2014 WL 80717 at *5 (E.D. Pa. Jan. 19, 2014) (finding that defendant failed to accommodate when defendant terminated plaintiff within a week of his request for medical leave to undergo surgery).  Here, plaintiff avers defendants "abruptly" fired her in April 2014, after she took intermittent medical leave between 2012 and the time of her termination.  (Compl. ¶¶ 20, 28).  She alleges that defendants terminated her due to "absenteeism issues."  (Id. ¶ 28).  As such, we find that plaintiff sufficiently pled defendants' failure to accommodate her request for leave.[4]  The court will thus deny defendants' motion to dismiss for failure to accommodate.

### III. ADEA claims of Age Discrimination through Wrongful Termination and Hostile Work Environment

---

[4]Plaintiff also claims she requested light duty work, in addition to medical leave. (Id. ¶ 21).  Her complaint is unclear as to whether she is alleging that defendants failed to accommodate this request. This issue may best be addressed at the summary judgment stage if plaintiff still seeks to assert light duty work as a failure to accommodate claim.

Next, we address plaintiff's age discrimination claims under the ADEA. Plaintiff asserts claims for wrongful termination and hostile work environment under the ADEA.  The court will discuss these issues in turn.

## A. Wrongful Termination

Plaintiff first asserts a wrongful termination claim under the ADEA.  To state a claim for wrongful termination under the ADEA, the plaintiff must establish that: "(1) the plaintiff is forty (40) years old or older at the time of the allegedly discriminatory action; (2) the defendant took an adverse employment action against the plaintiff; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was replaced by another employee who was sufficiently younger so as to support an inference of discriminatory animus." Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009).

Defendant argues that plaintiff neglects to allege she was replaced by a sufficiently younger employee.  (Doc. 8).  Plaintiff counters that she need not prove a sufficiently younger employee replaced her.  Rather, plaintiff suggests that facts alleging hostile treatment in the workplace towards her, but not her younger coworkers, suffice.

After a careful review, the court agrees with the defendants.  The Third Circuit Court of Appeals requires plaintiff to plead that she was replaced by an employee sufficiently younger to raise an inference of discriminatory animus. Smith, 589 F.3d at 689.  Plaintiff's complaint simply contains no facts alleging that she was replaced, let alone replaced by a younger employee.  Her complaint, therefore, fails to properly assert a wrongful termination claim under

13

the ADEA.  As such, we will grant defendants' motion to dismiss plaintiff's wrongful termination claim.

### B. Hostile Work Environment

Next, plaintiff asserts a hostile work environment claim under the ADEA. Upon review of the relevant authorities, the Third Circuit has not formally recognized such a cause of action.  <u>See</u> <u>Slater v. Susquehanna Cty.</u>, 465 F. App'x 132, 138 (3d Cir. 2012) ("We assume, without deciding, that the ADEA makes available a hostile work environment claim for age-based discrimination[.]"); <u>see</u> <u>also</u> <u>Lyles v. Phila. Gas Works</u>, 151 F. App'x 169, 171 n.3 (3d Cir. 2005) ("We have not formally recognized a cause of action[.]"). Where the court assumed recognition for a hostile work environment cause of action, it reserved judgment for cases in which the age-based harassment was sufficiently "severe or pervasive enough to create an abusive working environment."  <u>Slater</u>, 465 F. App'x at 138.

Here, plaintiff alleges that defendants treated her rudely and condescendingly, selectively enforced policies against her, and issued pretextual discipline against her – unlike her younger co-workers.  (Compl. ¶¶ 25-26).  Defendants aver that plaintiff fails to state any factual allegations to illustrate pervasive and regular age-based discrimination against her.  (Doc. 8).

We find that plaintiff's allegations are sufficient at this stage to assert a hostile work environment claim based on age.  The parties may wish to revisit this issue at the summary judgement stage after the facts are more fully developed.  Presently, based on the foregoing analysis, the court will deny defendants' motion to dismiss plaintiff's hostile work environment claim.

In conclusion, the court will grant in part and deny in part defendants' motion to dismiss plaintiff's Count III ADEA claim. We will dismiss plaintiff's wrongful termination claim but retain plaintiff's hostile work environment claim.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be granted with regard to plaintiff's Count III ADEA wrongful termination claim. All other aspects of the motion will be denied. An appropriate order follows.

Date: **July 12, 2016**                    **s/ James M. Munley**

                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**